**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

**SABRINA ELLIOTT,**

                    **Plaintiff,**

         **- against -**

**MTA NEW YORK CITY TRANSIT,**

                   **Defendant.**

-------------------------------------------------------------X

                                   **ANSWER**

                               **1:24-CV-06338-PK**

Defendant MTA New York City Transit (defendant) by its attorneys, David I. Farber, General Counsel, and Melissa D. Medilien, Associate Counsel, hereby answer the Complaint upon information and belief, as follows:

1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in section "I.A", except that in or about August 2023 plaintiff listed an address of 5203 Center Boulevard, #205, Queens New York 11101 on defendant's Pre-Employment Application Background Verification Questionnaire.

2.     Deny knowledge or information sufficient to form a belief at to the truth of the allegations contained in section "I.B" and further avers that defendant has a place of business at 130 Livingston Street, Brooklyn, New York 11201.

3.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in section "I.C" and further avers that defendant has a place of business at 130 Livingston Street, Brooklyn, New York 11201.

4.     Section "II" sets forth the purported jurisdiction, therefore does not require any response. If a response is deemed necessary, defendant deny any factual allegations and

suggestions of wrongful conduct or statutory violation contained therein.

5.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in section "III.A" except admit that plaintiff was not hired for a bus operator position with defendant in or around 2023.

6.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in section "III.B".

7.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in section "III.C".

8.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Section "III.D", except admit that in or about August 2023 plaintiff listed "1967" as her birth year on defendant's Pre-Employment Application Background Verification Questionnaire.

9.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in section "III.E" and on the additional page attached to the complaint.

10.    Section "IV.A" of the complaint does not include a response from plaintiff, and therefore does not require any response.  If a response is deemed necessary, defendant deny any factual allegations and suggestions of wrongful conduct or statutory violation contained therein.

11.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in section "IV.B".

12.    Section "IV.C" appears to contain no allegations requiring a response. If a response is deemed necessary, defendant deny any factual allegations and suggestions of wrongful conduct or statutory violation contained therein.

**AS AND FOR A FIRST**
**AFFIRMATIVE DEFENSE**

13.     Plaintiff was appointed on or about April 28, 1997 as a Transit Property Protection Agent with defendant.

14.     During plaintiff's employment with defendant, plaintiff received approximately over twenty (20) disciplinary action notices (hereinafter "DAN") for violations and was disciplined due to, amongst other things, improper performance, customer complaints, abusive behavior, and attendance issues.

15.     Defendant issued plaintiff DAN Number 08-6114-0035 for violations committed on or about August 25, 2008.

16.     On or about this date, plaintiff provided an out-of-range urine specimen for a drug test and was asked to provide a second specimen under observation.

17.     Plaintiff did not comply and instead, left the testing area without authorization to do so.

18.     Plaintiff later returned to the testing area and demanded to see a physician in a disruptive manner.

19.     When a physician came to speak with plaintiff, plaintiff screamed, in sum and substance, that she would not leave the Medical Assessment Center (hereinafter "MAC") and jabbed her finger into the physician's forehead.

20.     Plaintiff was placed on a pre-disciplinary suspension on or about August 28, 2008.

21.     Plaintiff appealed the disciplinary decision and pursuant to the collective bargaining agreement between plaintiff's union at the time and defendant, the matter was heard before an arbitrator on October 2, October 14, and November 26, 2008.

3

22.     The arbitrator made findings of fact including that plaintiff's unauthorized departure from the testing site was effectively a refusal and found the circumstances around her departure "suspicious".

23.     The arbitrator also found that upon plaintiff's return to the MAC she "exhibited conduct unbecoming a Transit employee by yelling . . . and intentionally poking [the physician] in the forehead with her finger."

24.     The arbitrator did not credit plaintiff's testimony regarding what occurred on August 25, 2008 including her testimony about a conspiracy between defendant's Security Division and Medical Division to falsify her medical records.

25.     The arbitrator found defendant had just cause to discharge plaintiff.

26.     Plaintiff was terminated from this position with defendant on or about December 8, 2008.

27.     Upon information and belief, Plaintiff did not challenge the arbitration award.

28.     Plaintiff then applied for a position as a bus operator with defendant.

29.     Plaintiff submitted pre-employment documentation in or about August 2023 for this position.

30.     In a section titled, "Prior Employment Termination(s)" Plaintiff indicated, amongst other things, that in her prior role with defendant, she was "targeted by [a] corrupt chief of security" and that "[t]he medical staff lied" on her and she was terminated.

31.     It is defendant's general policy and practice to not rehire individuals who were previously terminated.

32.     Plaintiff was therefore not hired as a bus operator with defendant, due to her prior termination.

33.    Defendant had legitimate, nondiscriminatory business reasons for all employment actions taken with regard to plaintiff.

### AS AND FOR A SECOND
### AFFIRMATIVE DEFENSE

34.    All actions taken by defendant with regard to plaintiff have at all times been lawful and proper, were in good faith and were in accordance with federal, state, and local laws.

### AS AND FOR A THIRD
### AFFIRMATIVE DEFENSE

35.    Plaintiff has failed to state a claim upon which relief can be sought.

### AS AND FOR A FOURTH
### AFFIRMATIVE DEFENSE

36.    Defendant has not unlawfully discriminated against plaintiff.

### AS AND FOR A FIFTH
### AFFIRMATIVE DEFENSE

37.    Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") on or about March 26, 2024.

38.    The EEOC issued a Dismissal and Notice of Rights letter on June 11, 2024 informing plaintiff of her right to file a lawsuit and advising that any such lawsuit must be filed within ninety (90) days of receipt of the notice.

39.    Plaintiff was to file any lawsuit pursuant to this charge by September 9, 2024.

40.    Plaintiff filed the complaint in the instant matter on September 10, 2024.

41.    Therefore, plaintiff's filing of the instant matter is time barred.

## AS AND FOR A SIXTH
## AFFIRMATIVE DEFENSE

42.     Some or all of plaintiff's claims are barred by the statute of limitations.

**WHEREFORE**, defendant respectfully requests that judgment be entered dismissing the complaint with costs, disbursements and an award of reasonable attorney's fees in favor of defendant and against plaintiff, and granting such other and further relief as this Court may deem just and proper.

Dated:   Brooklyn, New York          **DAVID I. FARBER**
        February 3, 2025                General Counsel
                                    NEW YORK CITY TRANSIT AUTHORITY

                                  By:  <u>Melissa D. Medilien</u>
                                     Melissa D. Medilien, Esq.
                                     Associate Counsel
                                     130 Livingston Street – 12th Floor
                                     Brooklyn, New York 11201
                                     T: (718) 694-5715
                                     E: Melissa.Medilien@nyct.com

To:     **Via ECF**
        Sabrina H. Elliott
        5203 Center Boulevard, #205
        Long Island City, New York 11101
        Email: she28.Elliot@gmail.com